**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HITACHI MAXELL, LTD. | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 2:14-cv-1121-JRG-RSP |
| TOP VICTORY ELECTRONICS (TAIWAN) CO. LTD., TPV INT'L (USA), INC., ENVISION PERIPHERALS, INC., TOP VICTORY ELECTRONICS (FUJIAN) CO. LTD., TPV ELECTRONICS (FUJIAN) CO. LTD., TPV TECHNOLOGY LTD., AND TPV DISPLAY TECHNOLOGY (XIAMEN) CO., LTD. | |
| Defendants. | |

**DEFENDANTS' ANSWER TO COMPLAINT,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL**

COME NOW defendants Top Victory Electronics (Taiwan) Co., Ltd., TPV Int'l (USA), Inc., Envision Peripherals, Inc., Top Victory Electronics (Fujian) Co. Ltd., TPV Electronics (Fujian) Co. Ltd., TPV Technology Ltd., and TPV Display Technology (Xiamen) Co., Ltd. (collectively, "TPV" or the "TPV Defendants"), and for their answer to the Complaint filed by Hitachi Maxell, Ltd., ("Hitachi" or "Plaintiff"), admit, deny and aver as follows:

<u>**ANSWER**</u>

1.      In answer to Paragraph 1, the TPV Defendants admit that the Complaint purports to allege claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, et seq.

2.      The TPV Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis deny them.

3.      In answer to Paragraph 3, the TPV Defendants admit and allege that Top Victory Electronics (Taiwan) Co., Ltd. is a corporation organized under the laws of Taiwan, and that it maintains its principal place of business at 10F, No. 230, Liancheng Road, Zhonghe Dist., New Taipei City 23553, Taiwan.  The TPV Defendants deny any remaining allegations in this paragraph.

4.      In answer to Paragraph 4, the TPV Defendants admit and allege that TPV International (USA), Inc. is a corporation organized under the laws of the State of California, that it maintains its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731, and that it has a registered agent at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.  The TPV Defendants deny any remaining allegations in this paragraph.

5.      In answer to Paragraph 5, the TPV Defendants admit and allege that Envision Peripherals, Inc. is a corporation organized under the laws of the State of California, that it maintains its principal place of business at 47490 Seabridge Drive, Fremont, California 94538, and that it has a registered agent at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.  The TPV Defendants deny any remaining allegations in this paragraph.

6.      In answer to Paragraph 6, the TPV Defendants admit and allege that Top Victory Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China, and that it maintains its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.  The TPV Defendants deny any remaining allegations in this paragraph.

7.      In answer to Paragraph 7, the TPV Defendants admit and allege that TPV Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China, and that it maintains its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.  The TPV Defendants deny any remaining allegations in this paragraph.

8.    In answer to Paragraph 8, the TPV Defendants admit and allege that TPV Technology, Ltd. is a corporation organized under the laws of Bermuda, and that it maintains its principal place of business at Units 1208-16, 12th Floor, C-Bons International Center, 108 Wai Yip Street, Kwun Tong, Kowloon, Hong Kong. The TPV Defendants deny any remaining allegations in this paragraph.

9.    In answer to Paragraph 9, the TPV Defendants admit and allege that TPV Display Technology (Xiamen) Co., Ltd. is a corporation organized under the laws of China with its principal place of business at No.1, Xianghai Road, Xiamen Torch Hi-Tech Industrial Development Zone, China. The TPV Defendants deny any remaining allegations in this paragraph.

10.    The TPV Defendants deny each and every allegation of Paragraph 10, except admit and allege that the entities collectively referred to in the Complaint as "TPV" have certain business and/or corporate relationships between and among them broadly pertaining to the manufacture, distribution and sale of LCD televisions.

11.    In answer to Paragraph 11, the TPV Defendants admit that the Complaint purports to assert claims for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*. and that it purports to invoke this Court's subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a). The TPV Defendants deny any remaining allegations in this paragraph.

12.    The TPV Defendants deny each and every allegation in Paragraph 12, except admit and allege that certain of the TPV Defendants were also parties to another action in this Court styled *Hitachi Consumer Electronics Co. Ltd., et al v. Top Victory Electronics (Taiwan) Co. Ltd., et al.*, No. 2:10-cv-260, wherein they asserted certain counterclaims which are matters

of public record and speak for themselves, and that the purported legal effect of their having done so is a legal conclusions to which no answer is required.

13.     The TPV Defendants deny each and every allegation in Paragraph 13, except admit and allege that certain of them have been involved, directly or indirectly, in the importation or sale of televisions and/or monitors into the United States, the purported legal effect of their having done so is a legal conclusion to which no answer is required, and that they are without information sufficient to form a belief as to the truth of the allegations concerning Best Buy's activities in this district and on that basis deny them.

14.     The TPV Defendants deny each and every allegation in Paragraph 14, except admit and allege that TPV Int'l (USA) Inc. is a California corporation that conducts business within the State of Texas and operates an office in Austin, Texas, the purported legal effect of which is a legal conclusion to which no answer is required.

15.     The TPV Defendants deny each and every allegation contained in Paragraph 15, except admit and allege that venue purports to be laid in this District pursuant to 28 U.S.C. § 1400(b).

16.     The TPV Defendants deny each and every allegation contained in Paragraph 16, except admit and allege that a prior action involving certain of the Patents-in-Suit was brought in this District, that the Court's order and rulings therein speak for themselves, that certain of the TPV Defendants are involved in the design and manufacture of products overseas, including in Taiwan, China and elsewhere, that at least some of the potential witnesses in this case reside overseas, including in Japan, that at least some of the relevant documents in this case are maintained overseas, including in Japan, and that the burdens on the parties and witnesses of litigating in and appearing for trial in this District as opposed to another depend upon the

individual and the hypothetical alternative venue and are, in any event, legal conclusions to which no response is required.

17.     The TPV Defendants deny each and every allegation of Paragraph 17.

18.     The TPV Defendants deny each and every allegation contained in Paragraph 18, except admit and allege that U.S. Patent No. 6,037,995 ("the '995 Patent") is entitled "BROADCASTING AND COMMUNICATION RECEIVER APPARATUS" and bears an issuance date of March 14, 2000, are without information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported ownership and other rights with respect to the '995 Patent and on that basis deny them, and specifically deny that the '995 Patent is valid.

19.     The TPV Defendants deny each and every allegation contained in Paragraph 19, except admit and allege that U.S. Patent No. 6,388,713 ("the '713 Patent") is entitled "IMAGE DISPLAY APPARATUS, AND METHOD TO PREVENT OR LIMIT USER ADJUSTMENT OF DISPLAYED IMAGE QUALITY" and bears an issuance date of May 14, 2002, are without information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported ownership and other rights with respect to the '713 Patent and on that basis deny them, and specifically deny that the '713 Patent is valid.

20.     The TPV Defendants deny each and every allegation contained in Paragraph 20, except admit and allege that U.S. Patent No. 6,144,412 ("the '412 Patent") is entitled "METHOD AND CIRCUIT FOR SIGNAL PROCESSING OF FORMAT CONVERSION OF PICTURE SIGNAL" and bears an issuance date of November 7, 2000, are without information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported ownership and other rights with respect to the '412 Patent and on that basis deny them, and specifically deny that the '412 Patent is valid.

21.     The TPV Defendants deny each and every allegation contained in Paragraph 21, except admit and allege that U.S. Patent No. 8,009,375 ("the '375 Patent") is entitled "APPARATUS AND METHOD FOR RECEIVING AND RECORDING DIGITAL INFORMATION," bears an issuance date of August 30, 2011, are without information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported ownership and other rights with respect to the '375 Patent and on that basis deny them, and specifically deny that the '375 Patent is valid.

22.     The TPV Defendants deny each and every allegation contained in Paragraph 22, except admit and allege that U.S. Patent No. 7,924,366 ("the '366 Patent") is entitled "IMAGE DISPLAYING APPARATUS," that the '366 Patent bears an issuance date of April 12, 2011, are without information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported ownership and other rights with respect to the '366 Patent and on that basis deny them, and specifically deny that the '366 Patent is valid.

23.     The TPV Defendants deny each and every allegation contained in Paragraph 23, except admit and allege that U.S. Patent No. 8,913,197 ("the '197 Patent") is entitled "DIGITAL BROADCAST RECEIVER UNIT," that the '197 Patent bears an issuance date of December 16, 2014, are without information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported ownership and other rights with respect to the '197 Patent and on that basis deny them, and specifically deny that the '197 Patent is valid.

24.     The TPV Defendants note that the Complaint contains two paragraphs each numbered 23. The TPV Defendants deny each and every allegation of the second instance of Paragraph 23.

25.     The TPV Defendants deny each and every allegation of Paragraph 24.

26.     The TPV Defendants deny each and every allegation contained in Paragraph 25, except admit and allege that certain of the TPV Defendants commenced a civil action  in the Northern District of California, designated Case No. 3:10-cv-01579, and that the parties, claims and procedural history thereof are matters of public record and speak for themselves and not otherwise.

27.     The TPV Defendants deny each and every allegation contained in Paragraph 26, except admit and allege that two Japanese corporations known as Hitachi Consumer Electronics, Ltd. and Hitachi Advanced Digital, Inc., respectively, both owned and controlled by another Japanese corporation, Hitachi, Ltd., commenced a civil action in this Court, designated Case No. 2:10-cv-260, that one of those entities thereafter commenced another civil action in this Court, designated 2:12-cv-268, and that the parties, claims and procedural history of those actions are all matters of public record and speak for themselves and not otherwise.

28.     The TPV Defendants deny each and every allegation in Paragraph 27, except admit and allege that the claims, theories of liability, orders, rulings, verdict, judgment and other procedural history of Case No. 2:10-cv-260 are all matters of public record and speak for themselves and not otherwise.

29.     In answer to Paragraph 28, the TPV Defendants repeat and incorporate herein by this reference their admissions, denials and allegations contained in paragraphs 1 through 28 of this Answer.

30.     The TPV Defendants deny each and every allegation contained in Paragraph 29, and specifically deny that proper or effective notice of the charge of infringement made in Plaintiff's complaint was given prior to the commencement of this action.

31.     The TPV Defendants deny each and every allegation contained in Paragraph 30, and specifically deny that they have infringed or are infringing any valid claim of the '995 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

32.     The TPV Defendants deny each and every allegation in Paragraph 31, and specifically deny that they have infringed or are infringing any valid claim of the '995 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

33.     The TPV Defendants deny each and every allegation in Paragraph 32, and specifically deny that they have infringed or are infringing any valid claim of the '995 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

34.     The TPV Defendants deny each and every allegation contained in Paragraph 33, and specifically deny that they have infringed or are infringing any valid claim of the '995 Patent, either deliberately, willfully, or at all.

35.     The TPV Defendants deny each and every allegation contained in Paragraph 34, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum, or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

36.     The TPV Defendants deny each and every allegation contained in Paragraph 35, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum, or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

37.     In answer to Paragraph 36, the TPV Defendants repeat and incorporate herein by this reference their admissions, denials and allegations contained in paragraphs 1 through 36 of this Answer.

38.     The TPV Defendants deny each and every allegation contained in Paragraph 37, and specifically deny that proper or effective notice of the charge of infringement made in Plaintiff's complaint was given prior to the commencement of this action.

39.     The TPV Defendants deny each and every allegation contained in Paragraph 38, and specifically deny that they have infringed or are infringing any valid claim of the '713 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

40.     The TPV Defendants deny each and every allegation contained in Paragraph 39, and specifically deny that they have infringed or are infringing any valid claim of the '713 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

41.     The TPV Defendants deny each and every allegation in Paragraph 40, and specifically deny that they have infringed or are infringing any valid claim of the '713 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

42.     The TPV Defendants deny each and every allegation contained in Paragraph 41, and specifically deny that they have infringed or are infringing any valid claim of the '713 Patent, either deliberately, willfully, or at all.

43.     The TPV Defendants deny each and every allegation contained in Paragraph 42, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum,

or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

44.     The TPV Defendants deny each and every allegation contained in Paragraph 43, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum, or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

45.     In answer to Paragraph 44, the TPV Defendants repeat and incorporate herein by this reference their admissions, denials and allegations contained in paragraphs 1 through 44 of this Answer.

46.     The TPV Defendants deny each and every allegation contained in Paragraph 45, and specifically deny that proper or effective notice of the charge of infringement made in Plaintiff's complaint was given prior to the commencement of this action.

47.     The TPV Defendants deny each and every allegation contained in Paragraph 46, and specifically deny that they have infringed or are infringing any valid claim of the '412 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

48.     The TPV Defendants deny each and every allegation contained in Paragraph 47, and specifically deny that they have infringed or are infringing any valid claim of the '412 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

49.     The TPV Defendants deny each and every allegation contained in Paragraph 48, and specifically deny that they have infringed or are infringing any valid claim of the '412

Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

50.     The TPV Defendants deny each and every allegation contained in Paragraph 49, and specifically deny that they have infringed or are infringing any valid claim of the '412 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

51.     The TPV Defendants deny each and every allegation contained in Paragraph 50, and specifically deny that they have infringed or are infringing any valid claim of the '412 Patent, either deliberately, willfully, or at all.

52.     The TPV Defendants deny each and every allegation contained in Paragraph 51, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum, or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

53.     The TPV Defendants deny each and every allegation contained in Paragraph 52, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum, or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

54.     In answer to Paragraph 53, the TPV Defendants repeat and incorporate herein by this reference their admissions, denials and allegations contained in paragraphs 1 through 53 of this Answer.

55.     The TPV Defendants deny each and every allegation contained in Paragraph 54, and specifically deny that proper or effective notice of the charge of infringement made in Plaintiff's complaint was given prior to the commencement of this action.

56.    The TPV Defendants deny each and every allegation contained in Paragraph 55, except admit and allege that the term "Roku Ready" is sometimes used to describe televisions having a certain interface, and that some TPV-manufactured LCD televisions do, and have had, this interface.

57.    The TPV Defendants deny each and every allegation contained in Paragraph 56, except are without information sufficient to form a belief as to the truth of the allegations as to the features and functionality of the Roku Streaming Stick, and on that basis deny them.

58.    The TPV Defendants deny each and every allegation contained in Paragraph 57, are without information sufficient to form a belief as to the truth of the allegations as to the features and functionality of the Roku Streaming Stick and on that basis deny them, and specifically deny that they have infringed or are infringing any valid claim of the '375 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

59.    The TPV Defendants deny each and every allegation contained in Paragraph 58, and specifically deny that they have infringed or are infringing any valid claim of the '375 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

60.    The TPV Defendants deny each and every allegation contained in Paragraph 59, and specifically deny that they have infringed or are infringing any valid claim of the '375 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

61.    The TPV Defendants deny each and every allegation contained in Paragraph 60, and specifically deny that they have infringed or are infringing any valid claim of the '375

Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

62.     The TPV Defendants deny each and every allegation in Paragraph 61, and specifically deny that they have infringed or are infringing any valid claim of the '375 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

63.     The TPV Defendants deny each and every allegation contained in Paragraph 62, and specifically deny that they have infringed or are infringing any valid claim of the '375 Patent, either deliberately, willfully, or at all.

64.     The TPV Defendants deny each and every allegation contained in Paragraph 63, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum, or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

65.     In answer to Paragraph 64, the TPV Defendants repeat and incorporate herein by this reference their admissions, denials and allegations contained in paragraphs 1 through 64 of this Answer.

66.     The TPV Defendants deny each and every allegation contained in Paragraph 65, except admit and allege that they first became aware of the '197 Patent and Plaintiff's accusation of its infringement by them upon receipt of Plaintiff's Complaint in this action.

67.     The TPV Defendants deny each and every allegation contained in Paragraph 66, and specifically deny that they have infringed or are infringing any valid claim of the '197 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

68.     The TPV Defendants deny each and every allegation contained in Paragraph 67, and specifically deny that they have infringed or are infringing any valid claim of the '197 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

69.     The TPV Defendants deny each and every allegation contained in Paragraph 68, and specifically deny that they have infringed or are infringing any valid claim of the '197 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

70.     The TPV Defendants deny each and every allegation contained in Paragraph 69, and specifically deny that they have infringed or are infringing any valid claim of the '197 Patent, either deliberately, willfully, or at all.

71.     The TPV Defendants deny each and every allegation contained in Paragraph 70, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum, or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

72.     The TPV Defendants deny each and every allegation contained in Paragraph 71, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum, or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

73.     The TPV Defendants note that the Complaint contains two paragraphs each numbered 70.  In answer to the second instance of Paragraph 70, the TPV Defendants repeat and incorporate herein by this reference their admissions, denials and allegations contained in paragraphs 1 through 72 of this Answer.

74. The TPV Defendants note that the Complaint contains two paragraphs each numbered 71. Responding to the second instance of Paragraph 71, the TPV Defendants deny each and every allegation contained therein, except admit and allege that they first became aware of the '366 Patent and Plaintiff's accusation of its infringement by them upon receipt of Plaintiff's Complaint in this action.

75. The TPV Defendants deny each and every allegation contained in Paragraph 72, and specifically deny that they have infringed or are infringing any valid claim of the '366 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

76. The TPV Defendants deny each and every allegation contained in Paragraph 73, and specifically deny that they have infringed or are infringing any valid claim of the '366 Patent, either literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, or at all.

77. The TPV Defendants deny each and every allegation contained in Paragraph 74, and specifically deny that they have infringed or are infringing any valid claim of the '366 Patent, either deliberately, willfully, or at all.

78. The TPV Defendants deny each and every allegation contained in Paragraph 75, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum, or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

79. The TPV Defendants deny each and every allegation contained in Paragraph 76, and specifically deny that Plaintiff has been or will be injured or damaged in any manner or sum,

or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

80. Paragraph 77 contains no factual allegations, but simply a demand for trial by jury, and therefore no response is required.

81. In response to Plaintiff's Prayer for Relief following Paragraph 78, the TPV Defendants deny that Plaintiff has been or will be injured or damaged in any manner or sum, or at all, or is otherwise entitled to any relief, as a result of any wrongful act or omission on the part of the TPV Defendants.

## AFFIRMATIVE DEFENSES

AS AND FOR THEIR SEPARATE AND AFFIRMATIVE DEFENSES, and without admitting or acknowledging that they bear the burden of proof as to any of them and reserving the right to amend their answer as additional information becomes available, the TPV Defendants plead the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

82. The TPV Defendants have not engaged in any acts that would constitute direct infringement, indirect infringement, contributory infringement, or inducement of infringement of any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND AFFIRMATIVE DEFENSE

83. The claims of each of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, 111, 112, 116, 132, and/or 251.

## THIRD AFFIRMATIVE DEFENSE

84.     Plaintiff's claims against the TPV Defendants are barred in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE

85.     Plaintiff's claims are barred in whole or in part under the equitable doctrines of laches, estoppel, waiver, acquiescence, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

86.     Plaintiff's claims for relief are barred, in whole or in part, by a failure to provide adequate notice under 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

87.     Plaintiff may not recover money damages for any infringement committed more than six years prior to the filing of Plaintiff's Complaint under 35 U.S.C. § 286.

## SEVENTH AFFIRMATIVE DEFENSE

88.     Plaintiff lacks standing to sue on one or more of the Patents-in-Suit and has failed to join indispensable parties.  For example, there is no record in the PTO that Plaintiff is the owner of the Patents-in-Suit and there is no record that certain named inventors of the '366 Patent ever effectively assigned their rights to Plaintiff or any entity in Plaintiff's chain of title.

## EIGHTH AFFIRMATIVE DEFENSE

89.     Under 35 U.S.C. § 154, Plaintiff is barred from recovering money damages for any alleged act of infringement committed after expiration of a Patent-in-Suit.

## NINTH AFFIRMATIVE DEFENSE

90.    Plaintiff is barred by the first sale doctrine and the doctrine of patent exhaustion from pursuing infringement claims in respect of goods manufactured or sold by TPV under an express or implied license to the Patents-in-Suit.

## TENTH AFFIRMATIVE DEFENSE

91.    Plaintiff's claims for relief are barred, in whole or in part, by third-party licenses to the Patents-in-Suit that extend to TPV Defendants.  Certain of TPV's customers are licensed to one or more of the Patents-in-Suit and their rights extend to the TPV Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

92.    Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel, and/or by the *Kessler* doctrine.  Certain accused products in this case were previously adjudged non-infringing of certain Patents-in-Suit, or are not materially different from products adjudged non-infringing of certain Patents-in-Suit, in earlier litigation brought by the then owner of the Patents-in-Suit, and the judgment therein has become final and binding on Plaintiff.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

93.    Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to their right to plead additional counterclaims as additional information becomes available, Defendants and Counterclaim-Plaintiffs Top Victory Electronics (Taiwan) Co., Ltd., TPV Int'l (USA), Inc., Envision Peripherals, Inc., Top Victory Electronics (Fujian) Co. Ltd., TPV Electronics (Fujian) Co. Ltd., TPV Technology Ltd., and TPV Display Technology (Xiamen) Co., Ltd. (collectively, "TPV") allege as follows against Plaintiff and Counterclaim-Defendant Hitachi Maxell, Ltd. ("Hitachi"):

## BACKGROUND

94.     Hitachi purports to be the assignee and owner of all right, title and interest in and to U.S. Patent Nos. 6,037,995 ("the '995 Patent"), 6,388,713 ("the '713 Patent"), 6,144,412 ("the '412 Patent"), 8,009,375 ("the '375 Patent"), 7,924,366 ("the '366 Patent"), and 8,913,197 ("the '197 Patent").  These patents are referred to collectively as the "Patents-in-Suit."

## THE PARTIES

95.     Top Victory Electronics (Taiwan) Co., Ltd. is a corporation organized under the laws of Taiwan and maintains its principal place of business at 10F, No. 230, Liancheng Road, Zhonghe Dist., New Taipei City 23553, Taiwan.

96.     TPV International (USA), Inc. is a corporation organized under the laws of the State of California and maintains its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas.

97.     Envision Peripherals, Inc. is a corporation organized under the laws of the State of California and maintains its principal place of business at 47490 Seabridge Drive, Fremont, California.

98.     Top Victory Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China and maintains its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.

99.     TPV Electronics (Fujian) Co., Ltd. is a corporation organized under the laws of China and maintains its principal place of business at Shangzheng Yuanhong Road, Fuqing City, Fujian Province, China.

100.    TPV Technology, Ltd. is a corporation organized under the laws of Bermuda and maintains its principal place of business at Units 1208-16, 12th Floor, C-Bons International Center, 108 Wai Yip Street, Kwun Tong, Kowloon, Hong Kong.

101.    TPV Display Technology (Xiamen) Co., Ltd. is a corporation organized under the laws of China and maintains its principal place of business at No.1, Xianghai Road, Xiamen Torch Hi-Tech Industrial Development Zone, China.

102.    On information and belief, Hitachi Maxell, Ltd. is a corporation organized under the laws of Japan with its principal place of business at 1-1-8, Ushitora, Ibaraki-City, Osaka 567-8567, Japan.

## JURISDICTION AND VENUE

103.    These Counterclaims seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims arise under the patent laws of the United States.

104.    This Court has personal jurisdiction over Hitachi, at least because by initiating this lawsuit, Hitachi has submitted to the jurisdiction of this Court.

105.    Venue with respect to these Counterclaims is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

## COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,037,995

106.    By virtue of Hitachi's Complaint in this Action, an actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '995 Patent, as Hitachi contends, or does not do so, as TPV contends.

107.    TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, any valid claim of the '995 Patent either directly or indirectly, literally or under the

doctrine of equivalents, willfully or otherwise. A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '995 Patent.

108. This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT II - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,388,713

109. By virtue of Hitachi's Complaint in this Action, an actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '713 Patent, as Hitachi contends, or does not do so, as TPV contends.

110. TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, any valid claim of the '713 Patent either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise. A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '713 Patent.

111. This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT III - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,144,412

112. By virtue of Hitachi's Complaint in this Action, an actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '412 Patent, as Hitachi contends, or does not do so, as TPV contends.

113. TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, any valid claim of the '412 Patent either directly or indirectly, literally or under the

doctrine of equivalents, willfully or otherwise. A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '412 Patent.

114. This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### COUNT IV - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,009,375

115. By virtue of Hitachi's Complaint in this Action, an actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '375 Patent, as Hitachi contends, or does not do so, as TPV contends.

116. TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, any valid claim of the '375 Patent either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise. A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '375 Patent.

117. This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### COUNT V - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,924,366

118. By virtue of Hitachi's Complaint in this Action, an actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '366 Patent, as Hitachi contends, or does not do so, as TPV contends.

119. TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, any valid claim of the '366 Patent either directly or indirectly, literally or under the

doctrine of equivalents, willfully or otherwise. A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '366 Patent.

120. This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT VI - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,913,197

121. By virtue of Hitachi's Complaint in this Action, an actual controversy exists between TPV and Hitachi as to whether TPV infringes directly or indirectly the '197 Patent, as Hitachi contends, or does not do so, as TPV contends.

122. TPV hereby seeks a judicial declaration that it has not infringed and does not infringe, any valid claim of the '197 Patent either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise. A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '197 Patent.

123. This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT VII - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,037,995

124. An actual controversy exists between TPV and Hitachi as to whether the '995 Patent is valid, as Hitachi contends, or invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as TPV contends.

125. TPV hereby seeks a judicial declaration that the claims of the '995 Patent are invalid. A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '995 Patent.

126. This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT VIII - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,388,713

127. An actual controversy exists between TPV and Hitachi as to whether the '713 Patent is valid, as Hitachi contends, or invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as TPV contends.

128. TPV hereby seeks a judicial declaration that the claims of the '713 Patent are invalid. A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '713 Patent.

129. This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT IX - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,144,412

130. An actual controversy exists between TPV and Hitachi as to whether the '412 Patent is valid, as Hitachi contends, or invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as TPV contends.

131.     TPV hereby seeks a judicial declaration that the claims of the '412 Patent are invalid.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '412 Patent.

132.     This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT X - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,009,375

133.     An actual controversy exists between TPV and Hitachi as to whether the '375 Patent is valid, as Hitachi contends, or invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as TPV contends.

134.     TPV hereby seeks a judicial declaration that the claims of the '375 Patent are invalid.  A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '375 Patent.

135.     This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT XI - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,924,366

136.     An actual controversy exists between TPV and Hitachi as to whether the '366 Patent is valid, as Hitachi contends, or invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as TPV contends.

137. TPV hereby seeks a judicial declaration that the claims of the '366 Patent are invalid. A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '366 Patent.

138. This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT XII - DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,913,197

139. An actual controversy exists between TPV and Hitachi as to whether the '197 Patent is valid, as Hitachi contends, or invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282, as TPV contends.

140. TPV hereby seeks a judicial declaration that the claims of the '197 Patent are invalid. A judicial declaration is necessary and appropriate at this time in order that TPV may ascertain its rights and duties with respect to the '197 Patent.

141. This is an exceptional case entitling TPV to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, TPV prays for judgment in its favor as follows:

    a)    A judgment in favor of TPV denying the Plaintiff all relief requested in this Action and dismissing each and every claim for relief in Plaintiff's Complaint with prejudice;

b)      A judicial declaration that TPV has not infringed and is not infringing and has not induced infringement and is not inducing infringement of any valid and enforceable claim of any of the '995, '713, '412, '375, '197, and '366 Patents;

c)      A judicial declaration that each of the '995, '713, '412, '375, '197,  and '366 Patents is invalid;

d)      A judicial determination that this is an exceptional case under 35 U.S.C. § 285 and awarding TPV its costs, expenses, and reasonable attorneys' fees; and

e)      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants Top Victory Electronics (Taiwan) Co., Ltd., TPV International (USA), Inc., Envision Peripherals, Inc., Top Victory Electronics (Fujian) Co., Ltd., TPV Electronics (Fujian) Co., Ltd., TPV Technology Ltd., and TPV Display Technology (Xiamen) Co., Ltd. hereby demand trial by jury of all issues so triable under the law.

Dated: June 29, 2015

Respectfully submitted,

  /s/ Mark A. Samuels

Mark A. Samuels (*Pro Hac Vice*) - *Lead Attorney*
Brian M. Berliner (*Pro Hac Vice*)
Vision L. Winter (*Pro Hac Vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:     (213) 430-6000
Facsimile:     (213) 430-6407
msamuels@omm.com
bberliner@omm.com
vwinter@omm.com

Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone and Fax: (903) 705-1117
ddacus@dacusfirm.com

*Attorneys for Defendants Top Victory Electronics (Taiwan) Co., Ltd., TPV International (USA), Inc., Envision Peripherals, Inc., Top Victory Electronics (Fujian) Co., Ltd., TPV Electronics (Fujian) Co., Ltd., TPV Technology Ltd., and TPV Display Technology (Xiamen) Co., Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on June 29, 2015.


*/s/ Mark A. Samuels*
Mark A. Samuels